[No. 7835-6-I.   Division One.   December 1, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. RACHEL E. CARTY, *Appellant.*

*Hamersley S. Wright,* for appellant.

*David F. Thiele, Prosecuting Attorney,* and *Alan Hancock, Deputy,* for respondent.

DORE, J.—Defendant appeals from her conviction of failure to yield the right–of–way. We affirm.

## ISSUES

1. Is it required that the State prove that defendant acted with criminal intent or with negligence to prove a violation of RCW 46.61.185?

2. Is it required that the State establish that the favored vehicle was proceeding lawfully in order to prove a violation of RCW 46.61.185?

## FACTS

The defendant was driving westbound in the right–hand lane on a 2–way road. She stopped her car in anticipation

of a left turn into her driveway. She watched the road in front of her and never saw a vehicle approaching from the west. She started the turn and was struck by the oncoming eastbound car, driven by Brian Izett. The driveway is located at (approximately) the crest of a hill. Izett's vehicle came up to the crest from a dip in the road.

Defendant was cited and convicted for failure to yield the right–of–way, in violation of RCW 46.61.185.[1]

## DECISION

ISSUE 1: State need not prove criminal intent or negligence.

█ When a statute is silent as to the state of mind of the offender, the appellate court must determine legislative intent. If a crime is malum in se, courts will usually find intent or negligence to be an element; if a crime is malum prohibitum, courts will not imply a specific mental state element. *State v. Smith*, 17 Wn. App. 231, 562 P.2d 659 (1977).

█ Defendant contends that RCW 46.61.185 describes a malum in se offense. We disagree. The traffic offense at issue is a police regulation enacted to promote the general welfare and safety. 7A Am. Jur. 2d *Automobiles and Highway Traffic* § 14 (1980). We will not read an "intent" element into this malum prohibitum offense. We conclude that it was not necessary for the State to prove a criminal intent or negligence in the subject case.

ISSUE 2: The State need not prove that the favored vehicle was proceeding lawfully.

Defendant contends that when RCW 46.61.185 is read in pari materia with other traffic statutes, the combined meaning mandates that one driver need not yield the right–

---

[1]RCW 46.61.185 provides: "The driver of a vehicle intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard."

of–way to another driver who is proceeding unlawfully.[2] Defendant argues that the Izett vehicle was driven unlawfully, violating RCW 46.61.400;[3] that is, Izett was driving too fast to stop or swerve to avoid the collision. Defendant contends that Izett lost the right–of–way.

The offense with which defendant was charged contains no requirement that the State prove an oncoming vehicle was proceeding lawfully. All of the elements of the offense were proven by the State, as shown by the findings of fact.[4] These findings, not challenged by the defendant, stand as a verity on this appeal.

---

[2]Defendant's sole authority for this proposition is *State v. Arena*, 46 Haw. 315, 379 P.2d 594 (1978). In *Arena*, however, the defendant was charged with negligent homicide and the issue was whether contributory negligence of the decedent was available as a defense. The court was required to analyze the comparative negligence of the decedent and the defendant, hence it considered the question of whether the decedent had been proceeding lawfully.

[3]RCW 46.61.400 reads in part:

"(1) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

". . .

"(3) The driver of every vehicle shall, consistent with the requirements of subsection (1) of this section, drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions."

[4]Following are findings of fact Nos. 1 and 2:

"1. On November 5, 1978, in Island County, Washington, the defendant, RACHEL E. CARTY, age 82, was proceeding in a westerly direction along Lancaster Road. She stopped and proceeded to make a left–hand turn across Lancaster Road, a two–lane highway, with the intention of entering a private driveway.

"2. At that time, a car being driven by Brian Izett was approaching from the west on Lancaster Road and proceeding in an easterly direction. At the time the defendant was attempting to turn left into the driveway, the car being driven by Mr. Izett was so close to the intersection as to constitute an immediate hazard, as demonstrated by the fact that a collision occurred involving Mrs. Carty's vehicle and Mr. Izett's vehicle in the eastbound lane of Lancaster Road."

Defendant's allegation that Izett's vehicle was proceeding unlawfully is unsupported by the findings, which placed the Izett vehicle's speed at approximately 10 to 15 miles per hour lower than the speed limit. These findings were also unchallenged.

Affirmed.

CALLOW, C.J., and JAMES, J., concur.